IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ARACOMA JUSTICE,

           Plaintiff,

v.                                          CIVIL ACTION NO. 2:09-cv-00186

SPEEDWAY SUPERAMERICA, LLC,

           Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant Speedway SuperAmerica, LLC's ("Speedway") Motion for Summary Judgment [Docket 14]. For the reasons explained below, this Motion is **GRANTED**.

The plaintiff, Aracoma Justice, sustained injuries when she slipped and fell on Speedway's property. She asserts that the change in elevation between the sidewalk and the curb was a hidden danger, and that Speedway negligently failed to design and maintain the premise in such as way as to secure its safety or to provide notice of the danger. Speedway asserts that the alleged defect was open and obvious and that Ms. Justice's own negligence was the cause of her injuries.

**I. Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

## II. Discussion

Ms. Justice has admitted that she was aware of a difference in elevation between the sidewalk and the curb. (Def.'s Mot. Summ. J., Ex. A at 58 ("I knew it was a . . . step down off the sidewalk.").) She has also stated that nothing was obstructing her view and that she does not recall any conditions on the premise that caused her to fall, other than the difference in elevation. (*Id.* at 58, 63.) She admits that she misjudged the elevation. (*Id.* at 126.)

Ms. Justice was owed a "duty of reasonable care under the circumstances." Syl. pt. 4, *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999). She has made no showing that Speedway's maintenance of the curb breached its duty of reasonable care. *See, e.g., Senkus v. Moore*, 535 S.E.2d 724, 727 (W. Va. 2000) (affirming grant of summary judgment because "the uncontradicted evidence is that [the plaintiff's] negligent failure to watch where she was walking was the sole precipitating cause of the accident"). The difference in elevation between the sidewalk and curb was open and obvious; moreover, a difference in elevation is the very essence of a curb and does not constitute an unusual or surprising feature. Ms. Justice has failed to offer "concrete evidence from which a reasonable juror could return a verdict in [her] favor." *Anderson*, 477 U.S. at 256.

The defendant's Motion for Summary Judgment is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 4, 2010

Joseph R. Goodwin, Chief Judge